UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SCOTT ADAMS,<br><br>      Plaintiff,<br><br> v.<br><br>BRUCE LANUM, *et al.*,<br><br>      Defendants. | CASE NO. 3:24-CV-5034-KKE-DWC<br><br>ORDER DECLINING TO SERVE AMENDED COMPLAINT |

  Plaintiff Ryan S. Adams, proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. §1915A, the Court declines to serve the Amended Complaint but provides Plaintiff leave to file a second amended complaint by **April 11, 2024**, to cure the deficiencies identified herein.

**I. Background**

  In his Amended Complaint, Plaintiff brings two claims arising out of his detention at Washington Corrections Center ("WCC"). Dkt. 9. In Count I, Plaintiff alleges a violation of the Eighth Amendment to the United States Constitution based on the medical treatment he received

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 1

for his injured hand from Defendants Bruce Lanum and Adam Clarino. *Id.* at 12–19. In Count II, Plaintiff alleges a violation of the Fourteenth Amendment's Due Process Clause based on the mishandling of his administrative grievances by Defendant Tony Donnington. *Id.* at 20–24. On both counts, Plaintiff seeks monetary damages and injunctive relief in the form of "policy enforcement." *Id.* at 25.

## II. Legal Standard

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

The Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even so, *pro se* pleadings must satisfy minimum requirements for stating a claim and must comply with procedural requirements. First, the pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Next, Federal Rule of Civil Procedure 8 requires a complaint to contain "a short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(e). Finally, unrelated claims against different defendants must be pursued in separate lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim ... may join, [ ] as independent or as alternate claims, as many claims ... as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. **Unrelated claims against different defendants belong in different suits**, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)) (emphasis added).

### III.     Discussion

Upon review, the Amended Complaint contains several deficiencies that make ordering service upon Defendants inappropriate at this time.

*Excess Pages, Exhibits, and Legal Arguments.* Plaintiff filed a 43-page Amended Complaint (Dkt. 9) with an additional 143 pages of exhibits (Dkts. 9-1, 9-2, 9-3). Rather than providing a short and plain statement of the factual circumstances giving rise to his claims, Plaintiff relies heavily on references to exhibits and unrelated state-court cases to explain his case. *See* Dkt. 8 at 12 ("Plaintiff should not attach exhibits to the amended complaint and any exhibit **will not** be considered as part of the amended complaint.") (emphasis added).

Plaintiff also devotes a significant portion of his pleadings to listing legal authority and making legal arguments. Dkt. 9 at 27–39. This is not the purpose of an initial pleading—before he may have an opportunity to make legal arguments in support of his claims, Plaintiff must first write **a short, plain statement** telling the Court: (1) the constitutional right he believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the

individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976). Because the Court cannot glean what claims for relief may be hidden in Plaintiff's narration and excessive exhibits and because it is "[P]laintiff's responsibility to make each claim clear and provide only a short statement of facts supporting [each] claim," *Henderson v. Scott*, 2005 WL 1335220, *1 (E.D. Cal. May 4, 2005), the Amended Complaint is deficient and will not be served.

*Uncured Deficiencies.* Next, the Amended Complaint includes uncured deficiencies identified in the Court's prior screening. Most significantly, it is difficult to discern what actions individual defendants took which Plaintiff alleges violated his constitutional rights.

For Defendants Lanum and Clarino, Plaintiff has not clearly shown how either defendant violated his constitutional rights through deliberate indifference to a serious medical need. Instead, Plaintiff alleges both defendants acted negligently and lists reasons why he disagrees with the medical treatment they provided. *See generally* Dkt. 9 at 12–19. But "[a] showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment," Dkt. 8 at 7 (citing *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004)), and "[a] difference of opinion between prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). If Plaintiff wishes to pursue a deliberate indifference claim Defendants Lanum and Clarino he "must explain in a short, plain statement exactly what each defendant knew, what they did or failed to do, and how their actions amounted to deliberate indifference to his serious medical need." Dkt. 8 at 9.

As for Defendant Donnington, Plaintiff claims he was unfair and did not comply with prison policies when handling administrative grievances. *See generally* Dkt. 9 at 20–24. However, Plaintiff fails to address how this conduct amounts to a constitutional violation. As

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 4

explained previously, "'[a]n allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983.'" Dkt. 8 at 11 (quoting *Evans v. Skolnik*, 637 Fed. Appx. 285, 288 (9th Cir. 2015)); *see also Backlund v. Barnhart*, 778 F.2d 1386, 1390 (9th Cir. 1985) (failure to comply with internal policy or state law does not give rise to a due process claim). Rather, "if Plaintiff wishes to purse this claim he should take care to identify the specific, constitutionally protected interest at stake for each of his mishandled grievances as well as the specific ways in which a defendant personally prevented him from receiving the procedural protections he is entitled to under law." Dkt. 8 at 12.

*Unrelated Claims Against Different Defendants.* Finally, to the extent Plaintiff is attempting to raise unrelated claims against different defendants, his Amended Complaint is deficient. Upon review, Plaintiff's deliberate indifference claim against Defendants Lanum and Clarino appears wholly unrelated to his procedural due process claim against Defendant Donnington. The only discernable commonality between these claims is that Plaintiff was incarcerated at WCC when the alleged constitutional violations occurred. Accordingly, if Plaintiff would like to pursue both claims against different defendants, he must either (1) do so in separate suits or (2) plead sufficient facts showing the claims (a) arise out of the same occurrence or series of occurrences and (b) involve a common question of law or fact. *See George*, 507 F.3d at 607; *see also* Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same occurrence requirements are satisfied).

IV.     **Instructions to Plaintiff**

Due to the deficiencies described above, the Court will not serve the Amended Complaint (Dkt. 9). If Plaintiff intends to pursue this § 1983 civil rights action, he must file a second amended complaint and within it, he must write **a short, plain statement** telling the Court: (1) the

ORDER DECLINING TO SERVE AMENDED COMPLAINT - 5

constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. **Each claim for relief must be simple, concise, and direct**.

Plaintiff shall present the second amended complaint on the form provided by the Court. The second amended complaint must be **legibly rewritten** or retyped in its entirety, it should contain the same case number, and it **may not incorporate** any part of the previous complaints or other lawsuits by reference. The amended pleadings will act as a complete substitute for any previously filed complaint, and not as a supplement. The amended pleadings **shall not exceed twenty (20) pages** absent leave of Court and upon a showing of good cause. Plaintiff **should not attach exhibits** to the amended pleadings—any exhibit will not be considered as part of the pleadings.

The Court will screen the amended pleadings to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights. Additionally, Plaintiff should only allege constitutional violations by different defendants if the violation arises from a single occurrence or series of occurrences. For example, Plaintiff may raise allegations of an Eighth Amendment violation arising from the provision of medical treatment by multiple defendants in a single suit. However, if he would like to allege a constitutional violation by a different defendant arising out of a different set of occurrences—such as, the processing of administrative grievances—he must do so in a separate lawsuit.

Finally, in any amended pleadings, Plaintiff shall **refrain from making legal arguments** or citing caselaw and, instead, focus on the factual circumstances giving rise to his claims. If Plaintiff fails to file amended pleadings or fails to adequately address the issues raised herein on or before **April 11, 2024**, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to send copies of this Order, the Court's Prior Screening Order (Dkt. 8), and the *Pro Se* Instruction Sheet to Plaintiff.

Dated this 12th day of March, 2024.

David W. Christel
United States Magistrate Judge