UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN SCOTT ADAMS,

                Plaintiff,

    v.

BRUCE LANUM, et al.,

               Defendants.

CASE NO. 3:24-CV-5034-KKE-DWC

ORDER DENYING MOTION FOR MISCELLANEOUS RELIEF

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Plaintiff Ryan Scott Adams, proceeding *pro se* and *in forma pauperis*, has filed a motion requesting various forms of relief related to discovery. Dkt. 20. First, Plaintiff requests that the Court issue and serve numerous subpoenas on nonparties[1] and that Plaintiff be provided a hearing/video conference to obtain testimony from the individuals identified in his subpoenas. *Id.* at 3–10; *see* Dkt. 20-1. Next, Plaintiff seeks a court order barring Defendants Bruce Lanum and Adam Clarno from deposing him. *Id.* at 1–2. If Plaintiff is required to sit for a

---

[1] The Court also interprets the motion as requesting issuance of subpoenas so that Plaintiff may arrange service and obtain documents possessed by the Washington State Department of Corrections ("DOC"), which is not a party in this suit. *Id.* at 4

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 1

deposition, he requests that Defendants be required to submit to depositions by him and that he be aided by court-appointed counsel throughout all depositions. *Id.* Finally, Plaintiff requests "leave to speak on record," or oral argument, regarding his motion. *Id.* at 1.

Defendants filed a response in opposition to Plaintiff's motion, Dkt. 21, and submitted a declaration and other evidence in support of their arguments, Dkts. 22, 22-1, 22-2, 22-3. Defendants do not request oral argument in their response. *See* Dkt. 21.

Upon review of the relevant record, the Court finds oral argument is not necessary. The Court grants Plaintiff's request to issue subpoenas for documents from the DOC and denies the remainder of the motion.

**I. Request for Service and for Issuance of Subpoenas**

First, Plaintiff seeks service of numerous subpoenas upon individuals who are not parties to this litigation. Dkt. 20 at 3–10. Along with his motion, Plaintiff submits unsigned subpoenas for service to thirty nonparties associated with five different DOC facilities. Dkt. 20-1. Plaintiff seeks service of these subpoenas in order to obtain oral testimony via deposition, a video conference/hearing, or at trial. *See* Dkt. 20 at 4 (requesting a "hearing" or "video conference" to obtain testimony); Dkt. 20-1 (checking boxes for subpoenaed individuals to appear for deposition at unspecified locations and for trial before an unspecified Washington State Superior Court).

Defendants oppose Plaintiff's requests to serve subpoenas to obtain testimony from the identified nonparties for several reasons, including that Plaintiff requests service of subpoenas that were issued by a Washington State Superior Court, not the United States District Court for the Western District of Washington. The Court agrees and denies Plaintiff's request for service

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 2

1  of subpoenas not issued by this Court. Plaintiff's request for an in-court or virtual hearing to
2  obtain testimony from the individuals listed on his improper subpoenas is likewise denied.
3        Next, the Court also interprets the motion as requesting the issuance of blank subpoenas
4  so that Plaintiff may arrange service and obtain production of documents possessed by the DOC.
5  Dkt. 20 at 4. Because Rule 45 of the Federal Rules of Civil Procedure requires the issuance of
6  blank subpoenas upon request, Plaintiff's request for the Clerk's Office to issue subpoenas for
7  documents from the DOC is granted.
8        The Court notes that under Rule 45, "[t]he clerk must issue a subpoena, signed but
9  otherwise in blank" upon a party's request. Fed. R. Civ. P. 45(a)(3). The requesting party must
10 then complete the subpoena and arrange for it to be served. *See* Fed. R. Civ. P. 45(a)(3). The
11 detailed requirements for the form, contents, and service of subpoenas, as well as the appropriate
12 procedure for objecting to, moving to quash, or moving to modify a subpoena are set forth in
13 Rule 45.
14       With respect to service of subpoenas, the Court notes that, though the Clerk will issue
15 blank subpoenas upon request, Plaintiff is responsible for completing and serving them. Any
16 person over the age of 18 and not a party to this case may serve a subpoena; the party seeking the
17 subpoena must take reasonable steps to avoid imposing an undue burden or expense on the third
18 party upon whom it is served. *See* Fed. R. Civ. P. 45(b) and (d). Furthermore, while a plaintiff
19 proceeding *in forma pauperis* may be entitled to obtain service of a subpoena pursuant to 28
20 U.S.C. § 1915(d), the plaintiff remains responsible, despite *in forma pauperis* status, to pay all
21 fees and costs associated with the subpoenas. *See Tedder v. Odel*, 890 F.2d 210, 211–12 (9th Cir.
22 1989).
23
24

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 3

With respect to subpoenas served on third parties, a Rule 45 subpoena does not permit discovery from third parties through all the same methods permitted between parties to the litigation. *See Eichler v. Sherbin*, 520 Fed. Appx. 560, 562 (9th Cir. 2013). Instead, a subpoena served upon a third party may seek only (1) testimony, (2) the production of documents, electronically stored information, or tangible things within the possession, custody, or control of the third party, or (3) inspection of premises. Fed. R. Civ. P. 45(a)(1)(iii). In the event a deposition to obtain testimony is requested, the party seeking the deposition must arrange for and pay the officer before whom the deposition is taken; they must also pay the witness fees and mileage costs specified in Rule 45. Fed. R. Civ. P. 28(a), 30(b)(5), 31(b); 45(b)(1). In short, a "[p]laintiff's *in forma pauperis* status…does not entitle him to waiver of witness fees, mileage or deposition officer fees." *Jackson v. Woodford*, 2007 WL 2580566, at *1 (S.D. Cal. August 17, 2007).

## II. Requests to Compel Discovery

To the extent the motion seeks an order compelling discovery, Defendants explain that they are in the process of preparing a response to Plaintiff's discovery requests. Dkt. 21 at 5. Also, Defendants assert that many of the requests are overbroad and irrelevant and that none of the materials identified in the motion are within their possession. *Id.* at 6–8.

Discovery is still ongoing and there is no certification that the parties have, in good faith, exhausted efforts to resolve discovery disputes without judicial intervention as is required by Rule 37(a)(1) of the Federal Rules of Civil Procedure:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion **must include a certification** that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 4

1   This Court's local rules provide that if the moving party does not include a certification of a
2   good faith effort to meet and confer, "the court may deny [a motion to compel] without
3   addressing the merits of the dispute." *See* Local Rules W.D. Wash. LCR 37(1). The local rules
4   further explain that the meet-and-confer requirement entails "a good faith conference in person
5   or by telephone to attempt to resolve the matter in dispute without the court's involvement." *Id.*
6   at LCR 1(c)(6). The certification requirement is designed to encourage resolution of discovery
7   disputes informally and without court intervention, as discovery motions are strongly disfavored
8   by the Court. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D.
9   Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL
10  12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when
11  "informal negotiations have reached an impasse on the substantive issue in dispute").
12      Because the motion does not comply with these requirements, Plaintiff's request to
13  compel discovery is denied without prejudice.

**III. Request to Prohibit Deposition of Plaintiff or to Require Deposition of Defendants**

15      Next, Plaintiff requests a court order prohibiting Defendants from deposing him. Dkt. 20
16  at 2. Defendants counter that Plaintiff's status as a *pro se* litigant does not shield him from sitting
17  for a deposition. Dkt. 21 at 3–5. Defendants are correct.
18      Depositions are governed by Rule 30 of the Federal Rules of Civil Procedure, which
19  states in pertinent part that "[a] party may, by oral questions, depose any person, including a
20  party, without leave of court." Fed. R. Civ. P. 30(a)(1). No exception exists for *pro se* prisoner
21  plaintiffs.[2] And, under Rule 30(d)(2), the Court may impose sanctions—including dismissal of

---

[2] Although Rule 30(a) requires leave of court to depose an individual confined in prison, this Court's local rules permit the deposition of a person in custody without leave so long as an agreement is met with the deponent's correctional institution and appropriate notice is given to the deponent, all other parties, and the superintendent and attorney for the correctional institution. Local Rules W.D. Wash. LCR 30(a).

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 5

an action—for impeding, delaying, or frustrating a deposition. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (affirming dismissal of suit based on prisoner plaintiff's refusal to cooperate with deposition). As Plaintiff is not exempt from attending a properly noticed deposition, his request for an order prohibiting the Defendants from deposing him is denied.

If Plaintiff is required to submit to a deposition by the Defendants, he also requests that both Defendants be ordered to submit to depositions by him. Dkt. 20 at 2. For their part, Defendants state that they are not opposed to being deposed by Plaintiff so long has he follows the appropriate procedures for noticing, scheduling, and paying for costs associated with the depositions. Dkt. 21 at 10. As Plaintiff has not shown he followed the proper procedures for securing a deposition of Defendants or that the parties have reached an impasse on this issue, his request for an order to compel depositions of Defendants is denied without prejudice.

## IV. Request for Court-Appointed Counsel to Assist in Depositions

Finally, Plaintiff requests the assistance of court-appointed counsel during any depositions conducted in this case and contends he is entitled to such assistance under the Fifth and Sixth Amendments to the United States Constitution. Dkt. 20 at 2. Defendants take no position on the propriety of appointing counsel for Plaintiff, stating only that he is not entitled to counsel as a matter of constitutional law. Dkt. 21 at 6.

There is no constitutional right to court-appointed counsel in § 1983 actions such as this. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Instead, "[a]ppointment of counsel under this section is discretionary, not mandatory." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995)"). A district court is also without the authority to require the representation of *pro se* plaintiffs; instead, it may only exercise its discretion to seek and appoint voluntary counsel for indigent plaintiffs in exceptional circumstances. *See* 28 U.S.C.

ORDER DENYING MOTION FOR
MISCELLANEOUS RELIEF - 6

§ 1915(e)(1); *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court evaluates "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). When requesting appointment of voluntary counsel, a plaintiff must show he is unable to grasp the legal issues involved in his case and unable to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

      Here, Plaintiff does not argue he is unable to grasp the legal issues involved in this case or unable to articulate the factual basis of his claims. Instead, Plaintiff states only that he would like court-appointed counsel to assist him while he is deposed by Defendants and while he conducts his own depositions. Dkt. 20 at 2. Depositions are routine matters that occur frequently in litigation, and Plaintiff has not demonstrated why the depositions in this case constitute extraordinary circumstances justifying the appointment of voluntary counsel. *C.f. Bahena v. Mendoza*, No. 1:22-cv-01585-BAM (PC), 2024 WL 3650623, at *2 (E.D. Cal. July 12, 2024) ("This Court is faced with similar cases filed almost daily by prisoners who must attend and participate in depositions. These prisoners must also litigate their cases without the assistance of counsel."); *Hash v. Rallos*, No. 2:17-cv-1721-TLN-AC-P, 2024 WL 966962, at *1 (E.D. Cal. Feb. 22, 2024) ("Plaintiff's contention that he is unable to depose defendants due to his indigence and *pro se* status is a circumstance common to most inmates and does not warrant the appointment of counsel."). The Court notes that Plaintiff has demonstrated an ability to understand the legal issues involved in this case and the factual basis of his claims. For example, Plaintiff demonstrated the ability to understand the legal concepts outlined in the Court's prior

screening orders and apply those concepts to correct deficiencies and file a serviceable second amended complaint. *See* Dkts. 8, 10. As such, Plaintiff has not shown the circumstances in this case warrant the appointment of voluntary counsel.

Accordingly, his request for court-appointed counsel is denied without prejudice.

## V. Conclusion

For the reasons stated, Plaintiff's motion (Dkt. 20) is granted in part and denied in part.

1. Plaintiff's request for issuance of blank subpoenas so that he may arrange service and obtain documents is granted.

2. The remainder of Plaintiff's requests are denied.

The Clerk of Court shall issue three subpoenas for documents (AO 88B) in blank and mail them to Plaintiff so that he may complete the subpoenas and arrange for service in accordance with Fed. R. Civ. P. 45. The issuance of blank subpoenas in no way limits the Defendants' ability to object to, move to quash, or modify subpoenas using the appropriate procedures.

Dated this 22nd day of October, 2024.

David W. Christel
United States Magistrate Judge