UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN SCOTT ADAMS,<br><br>                    Plaintiff,<br>   v.<br><br>BRUCE LANUM, et al.,<br><br>                    Defendants. | CASE NO. 3:24-CV-5034-KKE-DWC<br><br>ORDER ON MOTIONS AND LIFTING STAY OF DISPOSTIVE MOTION DEADLINE |

This prisoner civil rights action has been referred to United States Magistrate Judge David W. Christel. Currently pending in this action are Plaintiff Ryan Scott Adams's Motion to Compel, Dkt. 25, and Defendants Bruce Lanum and Adam Clarno's (collectively "Defendants") Motion for Extension of Time to complete discovery and file dispositive motions, Dkt. 28.

For the reasons that follow, Plaintiff's Motion to Compel (Dkt. 25) is denied and Defendants' Motion for Extension of Time (Dkt. 28) is granted in part and denied in part.

**I. Motion to Compel (Dkt. 25)**

First, Plaintiff filed a Motion to Compel, arguing Defendants should be ordered to answer unspecified questions and to follow the parties' "agreements" regarding discovery. Dkt. 25 at 2–

1  3. Defendants responded, arguing Plaintiff's Motion should be denied because (1) Plaintiff has
2  not met and conferred with Defendants about the discovery he seeks to compel, (2) Plaintiff did
3  not submit a written certification that he met and conferred with Defendants before filing his
4  Motion, and (3), to the extent Plaintiff seeks to compel Defendants' responses to deposition
5  questions, he has not followed the proper procedures for obtaining discovery through that
6  method. Dkt. 32 at 5–6; *See* Fed. R. Civ. P. 30 (depositions by oral examination); Fed. R. Civ. P.
7  31 (deposition by written questions); *see also* Dkt. 24 at 4 (outlining some of the requirements
8  for obtaining discovery by deposition).

9        The Court strongly disfavors discovery motions and prefers that the parties resolve
10 discovery issues on their own. If the parties are unable to resolve a discovery dispute, the
11 requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). However, a motion
12 to compel "**must include a certification** that the movant has in good faith conferred or
13 attempted to confer with the person or party failing to make disclosure or discovery in an effort
14 to obtain it without court action." *Id.* (emphasis added). The requirement to meet and confer
15 entails "a good faith conference in person or by telephone to attempt **to resolve the matter in**
16 **dispute without the court's involvement**." Local Rules W.D. Wash LCR 1(c)(6) (emphasis
17 added). If a party moves to compel discovery without certifying that the requirement to meet and
18 confer has been met, "the court may deny [a motion to compel] without addressing the merits of
19 the dispute." *Id.* at LCR 37(1).

20       Plaintiff has already been advised of the requirements outlined above and of the
21 consequences for failing to satisfy those requirements. Dkt. 24 at 4–5 (denying a previous motion
22 because Plaintiff failed to certify that he met and conferred with Defendants about the discovery
23 he sought to compel). Plaintiff yet again fails to certify that he met and conferred with

24

ORDER ON MOTIONS AND LIFTING STAY OF
DISPOSTIVE MOTION DEADLINE - 2

Defendants before filing his Motion. *See* Dkt. 25. Plaintiff describes various conversations with Defense Counsel and raises several ad hominem attacks against her. *Id.* He does not, however, clearly identify the discovery he would like to compel from Defendants,[1] nor does he describe his efforts to resolve the parties' discovery disputes before moving for an order to compel. In addition, Plaintiff's Motion was filed more than a month after expiration of the October 11, 2024 deadline to file motions to compel discovery established in the Court's Pretrial Scheduling Order. Dkt. 19. Plaintiff did not seek leave of court before filing his late Motion, and he opposes any request to extend case deadlines sought on his behalf. *See* Dkt. 26; Dkt. 34 at 5.

Accordingly, Plaintiff's Motion to Compel (Dkt. 25) is denied as untimely and for failure to meet and confer or certify as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure and this Court's local rules.

II.   **Motion for Extension of Time (Dkt. 28)**

Next, Defendants move to extend case deadlines because a scrivener's error prevented Plaintiff from receiving production of certain discovery until on or around November 21, 2024, more than two weeks after the close of discovery. Dkt. 28 at 6. Defendants also argue a four-week extension of time to complete discovery will permit Plaintiff to review their delayed production and, if he so desires, submit any additional discovery requests generated from that review. *id.* at 6–7; *see also* Dkt. 32 at 7, 9. To accommodate these additional discovery activities, Defendants request a corresponding extension to the deadline to submit dispositive motions. Dkt. 28 at 6–7. While Defendants maintain these extensions will benefit Plaintiff, they represent

---

[1] The party moving to compel "must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why [the opposing party's] objections are not justified." *See Ellis v. Cambra*, No. 02-CV-5646-AWI-SMS-PC, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008).

ORDER ON MOTIONS AND LIFTING STAY OF
DISPOSITIVE MOTION DEADLINE - 3

1  Plaintiff is strongly opposed to an extension of case deadlines sought on his behalf. *Id*. at 5

2  ("[Plaintiff] indicated that if he wanted a continuance, he would request one himself.") (citing

3  Dkt. 29 at 3).

4      Plaintiff filed a Reply to Defense Counsel, which primarily addressed matters unrelated

5  to Defendants' Motion, but Plaintiff also affirmed that he opposes Defendants' request for an

6  extension on his behalf. *Id.* at 5 (stating Defense Counsel "wants to give me an extension of time

7  knowing I do not want one…"); *see also* Dkt. 26 (objecting to any extension requested on his

8  behalf).

9      The Court finds it appropriate to grant Defendants' Motion only to remedy Defendants'

10 delivery of discovery responses to Plaintiff after the discovery deadline. Because Defendants'

11 discovery production was delayed due to a scrivener's error and corrected soon after the error

12 was discovered, the Court deems Defendants' discovery responses served on or around

13 November 21, 2024, to be timely. Nevertheless, in light of Plaintiff's opposition to the

14 extensions Defendants seek on his behalf, the Court declines to grant any further extensions.

15     Accordingly, Defendants' Motion for Extension of Time (Dkt. 28) is granted in part and

16 denied in part.

17 **III. Conclusion**

18     For the reasons stated, Plaintiff's Motion to Compel (Dkt. 25) is denied and Defendants'

19 Motion for Extension of Time (Dkt. 28) is granted in part and denied in part. In particular,

20 Defendants' discovery responses served on or around November 21, 2024, are deemed timely,

21 and all other requests for extensions are denied.

22     Having resolved Defendants' Motion for Extension of Time, the Court lifts the stay of the

23 dispositive motion deadline and amends the Pretrial Scheduling Order (Dkt. 19) as follows: Any

24

dispositive motion shall be filed and served by **January 10, 2025**. All other terms of the Pretrial Scheduling Order shall remain in effect.

Dated this 18th day of December, 2024.

David W. Christel
United States Magistrate Judge

ORDER ON MOTIONS AND LIFTING STAY OF
DISPOSTIVE MOTION DEADLINE - 5