UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RYAN SCOTT ADAMS,<br>　　　　　　Plaintiff,<br>　v.<br>BRUCE LANUM et al,<br>　　　　　　Defendants. | CASE NO. C24-5034-KKE<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD |

Plaintiff claims he was denied adequate medical care while incarcerated at the Washington Corrections Center and filed this suit alleging constitutional claims. Magistrate Judge David W. Christel issued a Report and Recommendation ("R&R") recommending that this Court deny Plaintiff's motion for summary judgment (Dkt. No. 40), grant Defendants' motion for summary judgment (Dkt. No. 43) and dismiss the case with prejudice. Dkt. No. 61. Plaintiff submitted objections to the R&R. Dkt. No. 71.[1] Defendants submitted a response to the objections. Dkt. No. 72. While Plaintiff's objections are improper because they attempt to re-litigate the merits of the entire case, the Court nevertheless reviewed de novo Plaintiff's main arguments. Upon completing this review, the Court now adopts the R&R and grants Defendants' motion for summary judgment, denies Plaintiff's motion for summary judgment and dismisses the case with prejudice. The Court also grants Plaintiff's motion to correct the record. Dkt. No. 68.

---

[1] Plaintiff's objections exceed the page limit provided in the local rules. Local Rules W.D. Wash. LCR 72 (twelve-page limit for hand-written objections). Regardless, the Court considered his objections in full.

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD - 1

## I. ANALYSIS

### A. Legal Standards

A district judge must determine de novo any part of the magistrate judge's disposition to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). A proper objection requires "specific written objections to the proposed findings and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2); *Arnsten v. Washington*, No. C24-5511 BHS, 2024 WL 4389719, at *1 (W.D. Wash. Oct. 3, 2024) (citing *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)). Objections to an R&R should not rehash or re-litigate the points considered and resolved by the magistrate judge. *See, e.g.*, *El Papel LLC v. Inslee*, No. 2:20-cv-01323-RAJ-JRC, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection here."); *Aslanyan v. Herzog*, No. C14-0511JLR, 2014 WL 7272437, at *1 (W.D. Wash. Dec. 17, 2014) (rejecting a challenge to a magistrate judge's report and recommendation when "all of [plaintiff's] objections simply rehash arguments contained in his amended opening memorandum or in his reply memorandum"). "The district court is not obligated to 'expressly address' every objection." *Arnsten*, 2024 WL 4389719, at *2.

Turning to the legal standard for Plaintiff's claim for inadequate medical care under the Eighth Amendment, Plaintiff must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, (1976)). As the Ninth Circuit explained

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD - 2

and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Yet, an inadvertent or negligent failure to provide adequate medical care alone does not state a claim under § 1983. A prisoner need not show his harm was substantial; however, such [a showing] would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs. If the harm is an isolated exception to the defendant's overall treatment of the prisoner[,] it ordinarily militates against a finding of deliberate indifference.

*Id*. (internal quotations and citations omitted). "A delay in providing medical treatment can only constitute deliberate indifference if the prisoner demonstrates that the delay led to further injury." *Puckett v. Agboli*, No. 23-3009, 2025 WL 1300878, at *1 (9th Cir. May 6, 2025).[2]

**B.    The Claim Regarding Delay Between Diagnosis and Treatment Is Dismissed.**

Plaintiff asserts Defendant Clarno acted with deliberate indifference when he failed to treat Plaintiff's injury between March 14, 2023 and April 4, 2023. Dkt. No. 71 at 3, 4, 8, 10, 14, 16–19. The R&R rejected this argument for two reasons: "[t]he undisputed evidence instead shows Defendant Clarno took numerous steps to diagnose and treat Plaintiff's injury from March 14 and April 4, 2023, including providing pain medication, ordering multiple x-rays, requesting a medical consultation with Dr. Sawyer, and, eventually, placing Plaintiff's hand in a splint" and Plaintiff failed to show any delay "resulted in further injury[.]" Dkt. No. 61 at 10–11. Plaintiff points to Defendant Clarno's knowledge that he had a "boxer's fracture" on March 14, as the basis to reject the R&R. Dkt. No. 71 at 4, 13, 14, 16. While Plaintiff does provide evidence that Defendant Clarno knew he had a boxer's fracture on March 14 (Dkt. No. 55 at 9), there is no evidence that Defendant Clarno's decision to not apply a splint or other treatments could result in "further injury." *Puckett*, 2025 WL 1300878, at *1. Instead, Defendant Clarno's declaration explained

---

[2] In the legal standard section, the R&R incorrectly states the Plaintiff must show "substantial harm." Dkt. No. 61 at 6; *see Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) ("A prisoner need not show his harm was substantial; however, such [a showing] would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs"). Even with this misstatement, the R&R applied the correct legal standard.

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD - 3

why he waited to take any further steps to treat Plaintiff's injury.  Dkt. No. 44 ¶ 8.  Further, Defendants' expert, Dr. Olch,[3] attested that "[s]plinting of the right hand is not an absolute requirement, given that the fracture was impacted and had no change in position on comparison of the x-rays taken on March 15 and April 4, 2023."  Dkt. No. 46-1 at 8.

The R&R's second reason for dismissing this claim was also correct because Plaintiff does not provide evidence that he was further injured by any delay.  In his objection, Plaintiff argues "Even Dr. Sawyer made mention it had been to[o] long, and Dr. Lenhart further [reiterated] that my hand, over 1 year later, should ha[ve] been addressed at the time of the break."  Dkt. No. 71 at 4.  But Plaintiff does not cite any evidence to support these arguments and concedes "the break 'has not moved.'"  *Id.* at 17.  Further Defendants' expert stated the delay did not injure Plaintiff because his hand fracture did not change position.  *See* Dkt. No. 46-1 at 8.

Plaintiff fails to provide evidence to survive summary judgment on his claim that the delay between his diagnosis on March 14 and treatment on April 4 violated the Eighth Amendment.

C.   **The Claim Regarding Delay of Surgical Evaluation Is Dismissed.**

Plaintiff also argues that the delay in receiving a surgical consultation was unconstitutional.  Dkt. No. 71 at 3, 5, 11, 12, 15, 18, 19, 20.  The R&R held "Plaintiff presents no evidence showing he was harmed when Defendant Lanum failed to recommend a medical hold or otherwise prevent Plaintiff from missing a surgical consultation because of his transfer to WSP."  Dkt. No. 61 at 14–15.  In his objections, Plaintiff's only argument to the contrary is that "over 1 year elapsed before I had an Evaluation for Surgery, at which point Dr. Lenhart stated [sic] should have been done when I broke my hand."  Dkt. No. 71 at 5.  Plaintiff does not cite any evidence for this statement

---

[3] The Court will not consider Plaintiff's untimely attempt to disqualify Dr. Olch, Defendants' expert, as no such challenge was made during summary judgment.  *See* Dkt. No. 61 at 11 ("Plaintiff does not submit evidence to rebut Dr. Olch's medical opinion, nor does he dispute Dr. Olch's qualifications as an expert witness under Rule 702 of the Federal Rules of Evidence.").

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD - 4

and a review of the record does not include any direct statements by Dr. Lenhart. Instead, Dr. Olch's report references Dr. Lenhart's evaluation and explains that one of the conclusions of that evaluation was: "Revision osteotomy surgery is not expected to improve his symptoms." Dkt. No. 46-2 at 6. Plaintiff does not provide any evidence that the delay of his surgery consultation caused him any further injury and dismissal of this claim was correct.

**D.     The Court Overrules the Remaining Objections.**

Plaintiff also argues in his objections that Defendant Lanum acted unconstitutionally when he "pulled" Plaintiff's access to a hand wrap (Dkt. No. 71 at 5, 6, 7, 11, 15, 19) and put his splint on wrong (*id.* at 10). Plaintiff does not point to any evidence to support these arguments, and they were not raised in his summary judgment briefing. *See* Dkt. Nos. 40, 52, 55.[4] Accordingly, the Court overrules these objections. Likewise, Plaintiff's references to alleged violations of a health plan (Dkt. No. 71 at 2) and Washington administrative code (*id.* at 6) were not raised until this objection and are thus not considered. *See El Papel LLC*, 2021 WL 71678, at *2.

Lastly, while improperly raised in Plaintiff's objection to the R&R, the Court explicitly rejects Plaintiff's assertions of any bias or other improper conduct by Judge Christel. Dkt. No. 71 at 16, 32–37. Plaintiff's argument lacks evidence and authority and, as explained in this Court's previous order, Judge Christel's prior orders in this case were correct. *See* Dkt. No. 59.

**E.     The Court Grants the Motion to Correct the Record.**

Plaintiff moves to correct the record, arguing that the Court's prior order denying objections (Dkt. No. 59) misstated the location where Defendants worked. Dkt. No. 68. Plaintiff is correct. The order should have stated the Defendants worked at the Washington Corrections Center. *See* Dkt. No. 44 ¶ 3, Dkt. No. 45 ¶ 3. This was a scrivener's error that does not impact

---

[4] The R&R did not consider Plaintiff's surreply (Dkt. No. 60). Dkt. No. 61 at 2–3. Plaintiff does not object to this finding, so the Court also does not consider the surreply.

ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO CORRECT THE RECORD - 5

the substance of the Court's order. Thus the Court grants Plaintiff's motion, but finds issuance of an amended order is unnecessary.

## II.  CONCLUSION

The Court GRANTS Plaintiff's motion to correct the record. Dkt. No. 68.

The Court ADOPTS the R&R. Dkt. No. 61.

Plaintiff's motion for summary judgment is DENIED. Dkt. No. 40.

Defendant's motion for summary judgment is GRANTED. Dkt. No. 43.

The case is dismissed with prejudice.

The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. David W. Christel.

Dated this 20th day of June, 2025.

*[signature]*

Kymberly K. Evanson
United States District Judge